```
            IN THE UNITED STATES DISTRICT COURT FOR
              THE EASTERN DISTRICT OF PENNSYLVANIA

WARREN BEEDLE                    :       CIVIL ACTION
                                 :
      V.                         :
                                 :       NO. 19-5524
PROFESSIONAL BUREAU OF           :
COLLECTIONS OF MARYLAND, INC.    :
```

<u>MEMORANDUM</u>

Bartle, J.                                          June 28, 2022

Plaintiff Warren Beedle has sued defendant Professional Bureau of Collections of Maryland, Inc. ("PBCM") in this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C §§ 1692 et seq. Before the court is the motion of defendant PBCM for summary judgment.[1]

I

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 254

---

1. The parties participated in an arbitration on December 9, 2021. Following the arbitration award, PBCM requested a trial de novo. It now moves for summary judgment.

(1986).  The court views the facts and draw all inferences in favor of the nonmoving party.  See In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

Summary judgment is granted when there is insufficient record evidence for a reasonable factfinder to find for the nonmovant.  See Anderson, 477 U.S. at 252.  "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]."  Id.  In addition, Rule 56(e)(2) provides "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion."  Fed. R. Civ. P. 56(e)(2).

II

The following facts are taken in the light most favorable to Beedle as the nonmoving party.  Beedle defaulted on a student loan he cosigned for his son to attend automotive school.  PBCM is the debt collection agency that in 2018 received Beedle's defaulted account from the United States Department of Education.

In August 2018, PBCM sent Beedle a notice letter alerting him to the debt.  Beedle did not respond to the letter but made several payments to PBCM over the following months.  On

February 7, 2019, a representative of PBCM spoke with Beedle over the phone. They discussed options for payment plans, and it was agreed that the representative would call back Beedle the following week. The representative did so, but Beedle did not answer. In April that year, PBCM sent Beedle a second letter about the debt.

Beedle avers in his complaint that sometime in "early 2019" he included a letter to PBCM with one of his payments. He does not have a copy of the letter to submit as evidence. Instead, he submitted a declaration in which he asserts that he sent the letter in early 2019. He describes the setting in which he drafted the letter as well as the letter's contents. In the letter, he advised PBCM that he had cancer and was unable to pay the full amount that PBCM claims he owed. He also wrote that PBCM's calls were harassing and asked it to stop calling him. PBCM maintains it has no record of receiving this letter.

On August 1, 2019, PBCM representative Sierra Lundy called Beedle and spoke with him over the phone. PBCM and Beedle have submitted substantially similar transcripts of the call. Beedle informed Lundy that he had cancer and was unable to pay the amount due. He told her that PBCM's calls were "harassing." He stated, "I don't want one more call." Lundy told Beedle, "I will put that on the account that you don't want us to contact you, okay?" PBCM's files reflect that Lundy added

a notation on Beedle's account shortly after this call: "bwr does not want to be contacted pon."

Still, PBCM continued to call Beedle. It placed four calls to Beedle's work and cell phones in September 2019. PBCM also called Beedle on these phones on October 4, October 22, November 4, and November 12.

Beedle retained counsel shortly after PBCM's October 4 calls. He maintains that his lawyer sent a letter of representation on October 9. In that letter, Beedle's counsel stated, "We respectfully demand that you not engage in further contact the client for any reason to: (1) respect our representation and; (2) as a further demand to cease and desist all communication. Direct all future contact and correspondence to our attention only." PBCM vigorously disputes not only that this letter was sent but also that Beedle produced the letter in response to pertinent discovery requests.

### III

Beedle advances two claims under the FDCPA.[2] Beedle first contends that PBCM violated 15 U.S.C. §§ 1692d and § 1692d(5), which prohibits a debt collector from engaging in harassing conduct in connection with the collection of a debt. PBCM argues it is entitled to summary judgment.

---

2. Beedle has voluntarily dismissed his claim under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq.

>Sections 1692d and 1692d(5) provide in relevant part:
>
>A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>. . .
>
>(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

§ 1692d.

Section 1692d is a strict liability statute. Kromelbein v. Envision Payment Sols., Inc., Civ. A. No. 11-1598, 2013 WL 3947109, at *5 (M.D. Pa. Aug. 1, 2013). Beedle does not need to prove PBCM's intent. He simply must prove that PBCM "engage[d] in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d. Whether PBCM's conduct rises to that level "should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression, or abuse." Evans v. Portfolio Recovery Assocs., LLC, Civ. A. No. 15-1455, 2016 WL 4059645, at *5 n.6 (D.N.J. July 27, 2016) (quoting Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1179 (11th Cir. 1985)).

The statute also enumerates six specific examples of conduct which constitute violations of § 1692d. These examples are not exclusive. In addition to § 1692d generally, Beedle also alleges PBCM is liable under § 1692d(5), the only subsection that requires a showing of the debt collector's intent.

A plaintiff may demonstrate a debt collector's "intent to annoy, abuse, or harass" under § 1692d(5) through evidence of call pattern and frequency. E.g., Turner v. Pro. Recovery Servs., Inc., 956 F. Supp. 2d 573, 578 (D.N.J. 2013). While call volume and frequency are highly relevant to this analysis, "[t]here is no consensus as to the amount and pattern of calls necessary for a court to infer a debt collector intended to annoy, abuse, or harass a debtor." Id. The context in which the debt collector places the calls is key. Relevant here, courts have held that intent to harass may be inferred when a debt collector calls a plaintiff after the plaintiff has asked the debt collector to stop calling. See, e.g., Black v. AFNI, Inc., Civ. A. No. 15-1176, 2018 WL 3546193, at *6 (D.N.J. July 23, 2018).

Whether a debt collector acted with the intent to harass under § 1692d(5) is a question of fact generally best left for a jury to decide. E.g., Turner, 956 F. Supp. 2d at 578. Summary judgment is appropriate only when a plaintiff

-6-

fails to provide evidence such that a juror could reasonably conclude that the debt collector acted with the requisite intent. Id.

PBCM repeatedly contacted Beedle after Beedle's repeated requests for PBCM to stop calling him. On August 1, 2019, Beedle told an agent of PBCM that he felt PBCM's calls were harassing and that he did not want to receive any more of them. Still, PBCM's internal data reflects that it called Beedle on at least twelve occasions after this notation. Viewing these facts in the light most favorable to Beedle, the court finds that there exists a genuine dispute of material facts as to whether PBCM acted with the intent to annoy, abuse, or harass Beedle under § 1692d(5). Likewise, because a reasonable juror could infer that PBCM acted with the requisite intent, there exists a genuine dispute of material fact as to whether the natural consequences of PBCM's conduct in contacting Beedle were to harass, oppress, or annoy him.

Accordingly, PBCM's motion for summary judgment as to Beedle's claim under § 1692d and § 1692d(5) will be denied.

IV

PBCM next moves for summary judgment as to Beedle's claims under § 1692c(c). That section provides in relevant part:

> If a consumer notifies a debt collector in
> writing that the consumer refuses to pay a
> debt or that the consumer wishes the debt
> collector to cease further communication
> with the consumer, the debt collector shall
> not communicate further with the consumer
> with respect to such debt . . . .

§ 1692c(c).[3]

PBCM asserts that Beedle has failed to produce evidence that he notified PBCM in writing that he did not want further communication from PBCM. It points to Beedle's discovery responses in which he admits that he lacks documentation of "any attempt on [his] part to contact" PBCM in writing. It further argues Beedle's evidence that he sent a letter to PBCM in early 2019 asking that it stop contacting him is insufficient to survive summary judgment.

Consistent with the FDCPA's "broad remedial purpose," courts have permitted plaintiffs to use their own testimony to prove communication attempts, since such testimony is often their only available evidence. E.g., Black, 2018 WL 3546193, at *5. For example, in Nyce v. Sterling Credit Corp., the plaintiff submitted an affidavit describing a cease-and-desist letter that he sent to the defendant. Civ. A. No. 11-5066, 2013 WL 1388051, at *2 (E.D. Pa. Apr. 3, 2013). In that case, the plaintiff's wife asserted in an affidavit that she witnessed him

---

3. The section provides for exceptions that are not relevant here.

-8-

send the letter, and the plaintiff provided a copy of the letter he claimed to have sent. Judge Jan E. Dubois denied summary judgment because that evidence was sufficient to create a genuine dispute of material as to whether the plaintiff satisfied the written notice requirement. See id.

To satisfy the writing requirement of § 1692c(c), Beedle also relies on the October 9 letter of representation that his counsel sent to PBCM on his behalf. As mentioned above, PBCM insists they never received this letter. Further, it asserts that Beedle's counsel in the present suit never produced this letter in response to pertinent requests for production of documents. Beedle, on the other hand, maintains that his counsel produced the October 9 letter to PBCM in discovery. Beedle could not now rely on this letter if it was not produced in response to a relevant discovery request. See, e.g., Trust v. Durst, Civ. A. No. 12-5255, 2015 WL 7720481, at *5 (D.N.J. Nov. 30, 2015).

The court need not determine whether Beedle may rely on the October 9 letter of representation at this stage. As noted above, Beedle has timely produced a declaration that he personally sent an earlier cease-and-desist letter.[4] He describes when the letter was sent, the setting in which he

---

4. Beedle was never deposed.

drafted the letter, and its general contents.  It is true that Beedle has not put forth as much evidence as the plaintiff provided in Nyce, namely the testimony of a witness corroborating that he sent the letter and a copy of a letter he sent.  Nonetheless, Beedle's testimony alone is sufficient to create a genuine dispute of material fact as to whether he sent this letter.  A jury is best suited to decide whether Beedle's claim that he sent this letter is to be believed.  See Nyce, 2013 WL 1388051, at *2.  Beedle may rely on his own testimony about this letter to overcome PBCM's summary judgment motion.

Accordingly, PBCM's motion for summary judgment as to Beedle's claim under § 1692c(c) will be denied.